IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND<br><br>Plaintiffs,<br><br>v.<br><br>BILL BABAN, CARMEN BABAN, and CORNELIA BABAN<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | No. 25-cv-4925 |

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Plaintiffs, Trustees of the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND (hereinafter Trustees), by their attorneys, Paul M. Egan, Grant R. Piechocinski and ARNOLD AND KADJAN, LLP seek a ruling on interpleader and a declaration of the rights, legal obligations and extent of the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND (hereinafter Pension Fund or Fund) liability with respect to the competing claims of Defendants, BILL BABAN, CARMEN BABAN, and CORNELIA BABAN, to the benefits payable under the pension of BILL BABAN.

### JURISDICTION AND VENUE

1. Personal and subject matter jurisdiction over this action is based upon 29 U.S.C. § 1132(a)(3), which authorizes ERISA Plan fiduciaries to enforce the terms of the Plan through an interpleader or declaratory judgment action to determine the extent of the Plan's liability to putative beneficiaries. This action is brought under the procedural devices of a declaratory judgment under 28 U.S.C. § 2201 and interpleader under Federal Rule of Civil Procedure 22.

2. Venue is founded, pursuant to 29 U.S.C. § 1132(e)(2), where the Fund is located.

## THE PLAINTIFFS

3. The Plaintiffs, Trustees, are fiduciaries of the Fund under ERISA, 29 U.S.C. § 1002(21)(A). Plaintiffs, as Fund fiduciaries, have standing to bring suit to enforce and effectuate the terms of the Fund's Plan by obtaining a ruling on interpleader or declaratory judgment to determine the extent of the Fund's liability under 29 U.S.C. § 1132(a)(3)(B) with respect to competing claims presented by putative Fund beneficiaries.

4. The Pension Fund, of which Plaintiffs are Trustees and Fiduciaries, has been established pursuant to a Trust Agreement entered into between participating employers and participating unions. The Pension Fund is maintained and administered in accordance with and pursuant to Section 302 of the National Labor Relations Act, as amended, 29 U.S.C. § 186, the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et. seq.* and other applicable state and federal law. The Pension Fund is administered in Darien, Illinois by its presently acting Board of Trustees pursuant to the terms and provisions of the Trust Agreement which establishes the Pension Fund.

5. The Chicago Painters and Decorators Pension Fund is a defined benefit plan.

## THE DEFENDANTS

6. Defendant, Bill Baban, ("Bill") is a resident of Texas and is a participant in the Chicago Painters and Decorators Pension Fund.

7. Defendant, Cornelia Baban ("Cornelia") is a resident of Illinois and is the ex-spouse of Bill.

8. Defendant, Carmen Baban, ("Carmen") is a resident of Texas and is the current spouse of Bill.

## **THE CLAIM**

9. Bill has recently applied for his pension with the Chicago Painters and Decorators Pension Fund.

10. Article X of the Martial Settlement Agreement between Bill and Cornelia states that neither party has a pension or retirement account. Additionally, if an undisclosed retirement account is discovered, the discovering party shall be entitled to 100% of the pension.

11. At the time of the Marital Settlement Agreement, Bill was a participant in the Chicago Painters and Decorators Pension Fund.

12. The Chicago Painters and Decorators Pension Fund was not identified as a pension or retirement account in the Marital Settlement Agreement.

13. There are potential conflicting claims to Bill's Pension given the terms of the marital settlement agreement and the Chicago Painters and Decorators Pension Fund not being disclosed.

14. Due to the conflicting claims, there is a sufficient risk of multiple litigation or liability that the Trustees feel constrained to proceed with this action for an interpleader and declaration of rights to avoid such litigation or liability.

WHEREFORE, Plaintiffs request the following relief:

A. That Defendants be restrained from instituting any action against Plaintiffs for the recovery of the amount of the Pension benefit under the Plan or any part thereof.

B. That Defendants be required to interplead and settle between themselves their rights to the benefit due pursuant to the provisions of the Pension Plan, and that Plaintiffs

3

be discharged from all liability other than the payment of Bill Babans's pension benefits paid pursuant to the terms found in the Pension Plan.

    C.  That this Court declares the rights of the parties concerning the benefits due with respect to Bill Baban.

    D.  That this Court grants such further relief as is just and proper.

    TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS PENSION FUND

By: <u>Grant R. Piechocinski</u>
    One of Their Attorneys

Paul M. Egan
Grant R. Piechocinski
Arnold and Kadjan, LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
Phone: (312) 236-0415
Attorneys for Plaintiffs